J-S06014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: T.M.H., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.H., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2522 EDA 2023 |

Appeal from the Decree Entered August 31, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2023-A0025

| | | |
|---|---|---|
| IN RE: J.L.H.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.L.H., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2523 EDA 2023 |

Appeal from the Decree Entered August 31, 2023
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2023-A0026

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED APRIL 17, 2024**

T.L.H. ("Father") appeals from the August 31, 2023 decree that involuntarily terminated his parental rights to his children, eight-year-old T.M.H. and six-year-old J.L.H.S (collectively "Children").[1]  Upon review, we dismiss this appeal due to the substantial defects in Father's appellate brief.

---

[1] The trial court also terminated the parental rights of Children's mother, who is not a party to this appeal.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, the Montgomery County Office of Children and Youth (the "Agency") became involved with the family in October of 2020 due to receiving a truancy referral for older siblings in the home. At that time, Children were living with J.S. ("Mother") and Father was uninvolved in Children's lives. The Agency implemented services in the home and worked with Mother for several months.

In July 2021, police arrested Mother for an outstanding bench warrant and the Agency obtained emergency custody of Children and placed them with their maternal grandmother. At the time, Father resided in Missouri and requested to be a placement resource. The Agency submitted a request for a home study of Father's residence through the Interstate Compact for the Placement of Children ("ICPC"). At Father's request, the Agency placed Children with their paternal grandmother and aunt pending Father's ICPC approval. In March of 2022, paternal grandmother and aunt were no longer able to care for Children, who were moved to an Agency foster home. On June 15, 2022, the trial court transferred physical custody of Children to Father in Missouri.

Approximately three weeks later, on July 5, 2022, the Agency received a report from Father's paramour that she had kicked Father and Children out of the home due to Father's alcohol abuse and that Father was currently driving to Pennsylvania to stay with Mother, who was court-ordered to have no unsupervised contact with Children. The Agency investigated the

allegations and found Children at Mother's house without Father present. After implementing a safety plan and placing Children once again with their paternal grandmother and aunt, the Agency obtained emergency custody of Children and placed them in a temporary foster home.

The Agency developed Family Service Plan goals for Father, which included maintaining contact with Children and the Agency, obtaining suitable housing and financial stability, and participating in a drug and alcohol evaluation and following all recommendations. From September of 2022 through March of 2023, Father failed to maintain contact with the Agency or visit Children.

In March of 2023, the Agency placed Children in a pre-adoptive foster home with their three older siblings. In April 2023, Father began virtual visitation with Children, but he has had no in-person visits since Children were removed from his care in July 2022.

On March 3, 2023, the Agency filed petitions to involuntarily terminate Father's parental rights to Children. On August 29, 2023, the trial court held a hearing on the petitions. On August 30, 2023, the trial court involuntarily terminated Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2) (8) and (b).

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues for our review:

1. The trial court erred in finding clear and convincing evidence to terminate [] Father's parental rights under 23 Pa.C.S. § 2511(a)(1).

2. The trial court erred in finding clear and convincing evidence to terminate Birth Father's parental rights under 23 Pa.C.S. § 2511(a)(2).

3. The trial court erred in finding clear and convincing evidence to terminate [] Father's parental rights under 23 Pa.C.S. § 2511(a)(8).

4. The trial court erred in finding clear and convincing evidence to terminate [] Father's parental rights under 23 Pa.C.S. § 2511(b).[2]

Father's Br. at 8 (unpaginated) (some punctuation added).

As stated above, Father's brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2135 and we are, therefore, unable to conduct meaningful appellate review of the multiple issues that he raises.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation

_____

[2] Father failed to raise this issue in his Rule 1925(b) statement and, therefore, has failed to preserve it for our review. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived."); Pa.R.A.P 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Even if we did not dismiss this appeal for substantial briefing defects, we would find this issue to be waived.

omitted). **See** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Father's brief to this court preclude meaningful appellate review. Father's statement of the case section fails to comply with Pa.R.A.P. 2117. Father's Br. at 9 (unpaginated). The section consists of one paragraph, fails to include any citations to the record as required by section (a)(4), and contains argument as prohibited by section (b). **See** Pa.R.A.P. 2117(a)(4) and (b). Moreover, Father's summary of the argument section repeats verbatim the paragraph included in the statement of the case section. Father's Br. at 10 (unpaginated).

Most fatal to our review, Father's argument section is substantially underdeveloped. Rule 2119 provides, *inter alia*, that each issue raised should

be addressed in the argument section under its own heading with discussion of relevant law as it pertains to the issues raised in the appeal. Pa.R.A.P. 2119(a). Although Husband cites boilerplate law, he fails to apply the law to the facts of this case in a meaningful and coherent manner with citation to the record as required by our Rules of Appellate Procedure and case law. It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009). Once again, this Court will not act as counsel. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012).

In sum, Father's violations of the Rules of Appellate procedure preclude this Court's meaningful review. We decline to scour the record and may not develop arguments on Father's behalf. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/17/2024